## SARAH PALMER *vs.* LAWRENCE MANUFACTURING COMPANY.

A manufacturing corporation which owns land contiguous to its mill and lays out and maintains a street and builds boarding-houses thereon for the use of its operatives is not liable in damages for an injury sustained by one of these operatives by reason of a defect in such street.

TORT to recover damages for a personal injury sustained by the plaintiff by reason of a defective street or way built and owned by the defendants. An additional count in contract was subsequently filed, for the same cause of action.

At the trial in this court, before *Chapman*, J., it appeared that the defendants were a manufacturing corporation, duly established by law, doing business in Lowell; that they have erected mills for the purpose of manufacturing; that they are the owners of land contiguous to their mills, upon which they have erected blocks of boarding-houses for the occupation of their operatives employed in the mills, or of tenants who keep boarding-houses for the operatives; and that they have built streets and sidewalks in front of said blocks, for the convenience of their tenants and of their operatives in passing to and from the boarding-houses to the mills, and to the public streets of Lowell, being as open to the public as the other streets of the city. These streets were built and kept in repair exclusively by the defendants, were all outside the mill-yard, and the city exercised no control over them, they being exclusively upon the land of the defendants.

It also appeared that the plaintiff, at the time of the alleged accident, was in the employment of the defendants; that she had been for a long time, and was at the time of the accident, boarding with James Trask, who kept one of the corporation boarding-houses of the defendants, erected upon their land, fronting upon the street or way upon which she met with the accident. Trask hired his boarding-house of the defendants, and paid rent. The plaintiff had boarded there some months, paid board to Trask, and had frequently passed over the place of the alleged accident to and from the mill.

The plaintiff offered to prove that on the morning of the 23d of February 1864, before it was fully light, as she was travelling on the defendants' street or way from her boarding-house to the mill, she slipped and fell, while using due care, and broke her leg; that the street was icy and uneven, slippery and defective and dangerous, by reason of the ice; and that she fell by reason of said defects.

Upon this offer, the case was reserved for the consideration of the full court, whether, upon proof of the facts stated, the action could be maintained, in which case a trial by jury was to be had; otherwise the plaintiff was to be nonsuited.

*A. R. Brown,* for the plaintiff. The city of Lowell is not liable for accidents upon streets owned by corporations. *Durgin* v. *Lowell,* 3 Allen, 398. It was the duty of the defendants to make and keep this street safe and convenient. See *Snow* v. *Housatonic Railroad,* 8 Allen, 441. There is no reason why the same rule of liability for negligence and misfeasance which applies to railroad companies should not apply also to manufacturing companies. The law imposes upon the latter the duty of using due care and skill in providing proper agencies, instruments and ways for the use of their operatives, to protect their lives and limbs; and likewise the duty of so conducting their own affairs as not to injure others.

*D. S. Richardson,* for the defendants.

DEWEY, J.* The plaintiff fails in establishing any legal obligation on the part of the defendants to remunerate her for the injury she received while passing to her boarding-house over a street or way built by the defendants, but outside of the mill-yard and place of business of the operatives at the mill. These streets were made and maintained by the company for their own use and for the convenience of all persons who had occasion to pass to and from the factory to places outside and disconnected with it. The fact that the defendants owned the building rented to a third person for a boarding-house, in which the plaintiff had her residence as a boarder, did not impose upon them

---

* BIGELOW, C. J. did not sit in this case.

the legal duty of keeping the street in front of the building free from ice, which for the time would render the same uneven and slippery, and expose those who passed over it to injury by a fall occasioned by the ice thereon. Such duty is required of towns in reference to their highways by special statute provisions, and under such qualifications as to the time of the existence of the defect as are there provided. But the liability of towns to individuals who may thus sustain an injury by reason of a defective highway is wholly by force of the statute. In the present case, the right of action, if any, is a right under the common law. As such we think the action cannot be maintained. Although within the mill-yard and in the places in which labor is to be performed, a responsibility may attach to the employers requiring proper and reasonable care in guarding against accident, and due precaution must be used for securing from bodily injury the persons in their employment during the prosecution of their business, by having suitable machinery, tools and implements of business, and by other proper arrangements for their security from injury to these persons by casualty, yet this liability will not extend to a case like the present. *Plaintiff nonsuit.*